UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEREK VERNON MEDINA,

        Plaintiff,

v.                          Case No. 3:23-cv-1348-HLA-MCR

FACEBOOK, META PLATFORMS, INC.
Meta Facebook, Social Media Platform,
Official Capacity
and
MARK ZUCKERBERG, Owner,
Individual Capacity

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Derek Vernon Madina, an inmate of the Florida penal system, initiated this action *pro se* by filing a civil rights Complaint (Complaint) (Doc. 1) under 42 U.S.C. § 1983. Plaintiff names as Defendants "Facebook, Meta Platforms, Inc. Meta Facebook, Social Media Platform" (Facebook) and Mark Zuckerberg, owner. Id. at 2. Plaintiff claims there has been a violation of his due process rights as his name has been destroyed. Id. at 3. In his statement of claim, Plaintiff alleges that on August 8, 2013, he posted a picture of his wife on Facebook. Id. Plaintiff states that his wife attempted to kill him, and he defended himself. Id. Plaintiff further alleges that Facebook refused to take the picture down until the Federal Bureau of Investigation directed Facebook

to do so forty-eight hours afterwards. Id. Apparently, Plaintiff alleges that the Facebook posting resulted in his being labeled "Facebook Killer" by the media. Id. at 3-4. Plaintiff complains that Facebook has made money off of his name and the moniker "Facebook Killer." Id. at 4. Although not a model of clarity, Plaintiff may also be attempting to challenge his criminal conviction, claiming he did not receive a fair trial. Id. As relief, he seeks monetary damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

A complaint is frivolous if it is without arguable merit either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). See Mitchell, 112 F.3d at 1490 ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)"). Additionally, courts must read a plaintiff's pro se allegations in a liberal fashion. See Haines v. Kerner, 404 U.S. 519, 520 (1972). But the duty of a court to construe pro se pleadings liberally

does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dep't of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Inv., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff raises a claim under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." Bannum, Inc. v. City of Fort Lauderdale, 901 F.2d 989, 997 (11th Cir. 1990) (citations omitted). To successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." Id. at 996–97 (citations omitted). Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. Id.

"Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Of import, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting Harvey

v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)). To show a defendant acted under color of state law, the plaintiff must allege a sufficient relationship between the defendant and the state. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). Therefore, to establish such a relationship between a private-party defendant and the state, a plaintiff must demonstrate that one of three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

Rayburn, 241 F.3d at 1347 (quoting NBC, Inc. v. Comm. Workers of America, 860 F.2d 1022, 1026–27 (11th Cir.1988)).

Upon review, Plaintiff does not allege that any named Defendant is a state actor subject to liability under 42 U.S.C. § 1983. Plaintiff is suing the owner of Facebook and Facebook, a publicly traded company. These Defendants are not state actors. A private party rarely can be considered a state actor for purposes of section 1983 and here Plaintiff does not allege any of the three causal connections outlined above to attempt to establish the

4

Defendants acted under color of state law. See Stevens v. Plumbers and Pipefitters Local 219, 812 F. App'x 815, 820 (11th Cir. 2020) (finding the plaintiff failed to allege a causal connection between the state and private corporation or publicly traded bank although the plaintiff's complaint alleged a civil rights violation).[1] Rayburn, 241 F.3d at 1347.

Therefore, this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of November, 2023.

_____
BRIAN J. DAVIS
United States District Judge

---

[1] Insofar as Plaintiff desires to challenge the fact or duration of his confinement and/or seeks release from incarceration, those claims sound in habeas corpus. Since Plaintiff's convictions are from Miami-Dade County, the appropriate United States District Court would be the United States District Court for the Southern District of Florida. See Medina v. State, 260 So. 3d 419 (Fla. 3rd DCA 2018) (affirming the conviction for second-degree murder, shooting or throwing a deadly missile, and child neglect following a jury trial in Miami-Dade County).

sa 11/27
c:
Derek Vernon Medina